UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS SAN ANGELO DIVISION

| | | |
|---|---|---|
| **TORIBIO MUNGUIA and** | § | |
| **KATHY MUNGUIA** | § | |
| | § | |
| **v.** | § | **Civil Action No. 6:09 CV-00023-C** |
| | § | |
| | § | |
| | § | |
| **AUTOZONE TEXAS, L.P.** | § | |
| **AUTOZONE, INC., and** | § | |
| **AUTOZONERS, LLC** | § | |

## BRIEF IN SUPPORT OF DEFENDANTS MOTION TO COMPEL
## ARBITRATION & STAY PROCEEDINGS PENDING ARBITRATION

When a party seeking to compel arbitration proves that the parties entered into a valid arbitration agreement and the claim involved in the suit falls within the scope of the agreement, the court should compel arbitration. *See Howsam v. Dean Witter Reynolds, Inc.,* 537 U.S. 79, 83, 123 S. Ct. 588, 591 (2002); *First Options of Chi., Inc. v. Kaplan,* 514 U.S. 938, 943, 115 S. Ct. 1920, 1923-24 (1995).

The court should compel arbitration for the following reasons:

a.      On July 19, 2007, the parties entered into a written contractual agreement entitled Aztex Advantage: AutoZone Texas Occupational Injury Benefit Plan. A copy of the agreement is attached as the Appendix to this brief. The agreement contains a provision that requires the claims involved in this suit to be submitted to arbitration, (*See* Appendix pages 28-32, Agreement to the Plan signed by Plaintiff Toribio Munguia at page 78) and the provision should be enforced. *Rojas v. TK Commc'ns, Inc.,* 87 F.3d 745, 748-49 (5th Cir. 1996).

b.      The claim involved in the suit is arbitrable and not subject to any legal constraint that renders it nonarbitrable. *Walton v. Rose Mobile Homes LLC,* 298 F.3d 470, 473 (5th Cir. 2002); *see Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 628, 105 S. Ct. 3346, 3355 (1985). No Federal Statute or policy renders this claim non arbitrable.

c.      The Plan calls, unmistakably, for any claim or dispute relating to the enforcement or interpretation of the arbitration provisions in the Plan to be arbitrated. *See* Appendix page 29, Section 2.3. When the parties unmistakably agree for an

arbitrator to decide the threshold question of the validity and scope of the agreement, such provision will be enforced by the courts, and these threshold matters are for the arbitrator to decide. *See AT&T Tech., Inc. v. Comm'c'n. Workers of Am., 475 U.S. 643, 649 (1986); Piggly Wiggly Operators' Warehouse, Inc., v. Piggly Wiggly Operators' Warehouse Indep. Truck Drivers Union, Local No. 1, 611 F. 2d 580, 584 (5th Cir. 1980); Agere Systems, Inc. v. Samsung Electronics Co. Ltd. ___ F.3d ___, 2009 W.L. 388940, (5th Cir. 2009), No. 07-40984.*

The court should grant a stay of the lawsuit pending resolution of the arbitration proceeding if (1) the claim involved in the suit is referable to arbitration and (2) the party seeking the stay is not in default in proceeding with arbitration. 9 U.S.C. §3. For the reasons stated above, the claim is referable to arbitration. Further, Defendants are not in default in proceeding with arbitration because Defendants were diligent in asserting their request for arbitration.

## B. Conclusion

Wherefore, for these reasons, Defendants, AutoZone Texas L.P., AutoZone, Inc., and AutoZoners, LLC, ask the court to grant the motion to compel arbitration and stay the lawsuit pending resolution of the arbitration proceeding.

Respectfully submitted,


By: ___/s/ Henry S. Wehrmann_____
    **HENRY S. WEHRMANN**
    Texas Bar No. 21076400
    9330 L.B.J. Freeway, Ste. 1400
    Dallas, Texas 75243
    Tel. (972) 231-6001
    Fax. (972) 231-7004
    E-mail: hwehrmann@earthlink.net


OF COUNSEL
Stradley & Wright


    **ATTORNEY IN CHARGE FOR**
    **DEFENDANTS, AUTOZONE TEXAS, L.P.,**
    **AUTOZONE, INC., and AUTOZONERS, LLC**

## CERTIFICATE OF SERVICE

I certify that a copy of Defendants Brief in Support of Motion to Compel Arbitration and Stay Proceedings Pending Arbitration was served on David Criss, who is the attorney in charge for Plaintiffs, Toribio Munguia and Kathy Munguia, and whose address and telephone number are Law Office of David Criss, 4925 Greenville Avenue, Suite 950, Dallas, Texas 75206 (972) 691-0003 by First Class U.S. Mail, certified return receipt requested on March 4, 2009.

By: ____/s/ Henry S. Wehrmann_____
       **HENRY S. WEHRMANN**